## United States *v.* Strauss & Co. (No. 817).[1]

SCRAP IRON, WHEN NOT JUNK.

On examination and review a previous decision in this cause (T. D. 32464) is found not to be in conflict with the principles as correctly set out in the Government's petition for a rehearing; on the contrary that decision rests directly on the principles stated in the petition.—Benjamin Iron & Steel Co. *v.* United States (2 Ct. Cust. Appls., 159; T. D. 31677).

United States Court of Customs Appeals, May 31, 1912.

PETITION for rehearing.

[Denied.]

*William L. Wemple*, Assistant Attorney General (*Thomas J. Doherty*, special attorney, of counsel), for the United States.

*Hatch & Clute* (*Walter F. Welch* of counsel) for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

This case came before the court at the April term, 1912; the court's decision was announced on April 17 and was published as T. D. 32464 (3 Ct. Cust. Appls., 180).

The Government now applies for a rehearing of the case. As its ground for this application the Government contends that the

---

[1] Reported in T. D. 32621 (22 Treas. Dec., 1049).

court's decision is in conflict with certain established principles which are set out in its petition in the following terms:

It has always been held, as will be hereinafter shown, (1) that it is the duty of the importer who protests not only to show that the collector's assessment is wrong, but also to establish affirmatively that the contention set up in the protest is right; (2) that in the case of a mixture of goods some of which are free and some dutiable, or some of which are dutiable at one rate and some at another, it is the duty of the protesting importer to show by competent evidence the proportionate amount of each class of goods in his importation; and (3) that in the event of failure on the part of the importer to discharge such burden of proof the decision of the collector will be allowed to stand.

The rule rests upon the proposition so felicitously expressed by your honorable court in the case of Benjamin Iron & Steel Co. (2 Ct. Cust. Appls., 159; T. D. 31677):

The burden was on the importer to show not only that the classification to which he objected was erroneous, but that the classification which he claimed in his protest was correct.

It is certain that the foregoing is a correct statement of well-established principles, and it seems equally certain that the decision in question does not depart from them.

The merchandise was refuse metal and had been assessed as manufactures of metal not specially provided for, under paragraph 199 of the act of 1909. It was clear from the record that this assessment was erroneous, and that fact was stated by counsel for both of the respective parties at the oral argument of the case to the court.

The Government thereupon contended that the merchandise was dutiable as scrap under paragraph 118; the importers contended that the merchandise was free as junk, under paragraph 600. Both of these claims had been made by the importers in the protest.

The importers contended that the merchandise was not within paragraph 118 because the metal was fit to be remanufactured without melting, the Government contending as a fact that the metal was not fit to be remanufactured without melting, further contending that in either event it fell within paragraph 118 as rightly construed.

As just stated, the Government contended that the metal was dutiable under paragraph 118 whether capable of remanufacture with or without melting, the importers contending that the metal was capable of remanufacture without melting and was thereby taken out of paragraph 118, leaving it free under paragraph 600 as junk. The issue, therefore, as actually presented to the court was whether the merchandise was dutiable under paragraph 118 as claimed by the Government or was free under paragraph 600 as claimed by the importers.

As stated above, the importers based their claim for free entry upon the alleged fact that the metal was fit to be remanufactured without melting, the Government denying this. The court held that the burden of proof was upon the importers, and that they had failed to discharge that burden. The testimony disclosed that an uncertain part of the merchandise answered to the claim of the importers and might be free as the importers claimed if its exact amount had been

proven, but the court held that such partial proof was not sufficient to take the merchandise, or any part of it, out of paragraph 118 and give it free entry.

It thus appears that the court's decision upon the issue as presented is not in conflict with the principles set out in the Government's petition, but is directly founded thereon; nor is the decision in conflict with the principles expressed in the Benjamin Iron & Steel Co. case (2 Ct. Cust. Appls., 159; T. D. 31677). The decision in that case is approved.

In this view of the case, the petition for a rehearing is *denied.*